[No. 20751. In Bank. — October 25, 1890.]

Ex parte WILLIAM BOSWELL, on Habeas Corpus.

CRIMINAL LAW — VISITING GAMBLING-HOUSE — MUNICIPAL ORDINANCE — CONFLICT WITH GENERAL LAW. — A municipal ordinance making it a misdemeanor to become a visitor at a gambling-house is not in conflict with the Penal Code, and does not trench upon ground covered by that general law.

REPEAL BY IMPLICATION — GENERAL MUNICIPAL ORDINANCE — SPECIAL ORDINANCE. — A general municipal ordinance, applicable to all parts of the municipality, is not repealed by implication by the passage of a special ordinance pertaining to the same subject-matter, applicable to only a small part of the municipality.

APPLICATION for discharge upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Alfred Clarke*, for Petitioner.

*J. D. Page*, District Attorney, for Respondent.

*Crittenden Thornton, amicus curiæ.*

Fox, J. — The petitioner is arrested and held under a warrant issued out of the police court of the city and county of San Francisco, upon a complaint charging him with misdemeanor in that he willfully and unlawfully became and was a visitor to a certain house and

place for the practice of gambling, thereby violating the provisions of sections 1 and 33 of order No. 1587 of the board of supervisors, as the same was amended by order No. 1955 of said board.

1. It is claimed that said order is in conflict with the general law, and therefore void. The Penal Code makes it a misdemeanor, punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or both, to keep or carry on a gambling game, or to bet at such game; but there is no provision of the general law making it a crime for being a visitor at a house or place for the practice of gambling. It may be said that one cannot well bet at a gambling game unless he is a visitor thereat, but he may be a visitor and not bet at the game; and the intention of the order is to make visiting such a place a crime, whether the visitor bets at the game or not. But it is urged, as against the validity of the order, that the act of visiting is necessarily included in the act of betting at the game; and that, if made a separate offense, it should be of a lesser grade, and one for which a lesser punishment should be prescribed; and that, while the code imposes a fine of five hundred dollars, or imprisonment of six months, as the maximum punishment for betting, the order prescribes a fine not exceeding one thousand dollars, or imprisonment not exceeding six months, as the maximum of punishment for the lesser offense of visiting. Order No. 1587 consists of a large number of sections; is itself a sort of municipal penal code covering a multitude of offenses. The first section of the order provides that any person violating any of the provisions of the order shall be deemed guilty of misdemeanor, and be punished by fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment. No minimum is prescribed in this section, and unless otherwise restricted, the court could make the punishment as low as it pleased. Sec-

tion 33 of the order, as amended by order No. 1955, is
the one relating to this particular offense; and in that
it is prescribed that the punishment shall not be less
than twenty dollars fine, or imprisonment for not less
than ten days, no authority being given to impose both
fine and imprisonment. This may be regarded as a
legislative expression of opinion as to what ought ordi-
narily to be the measure of punishment for this particu-
lar offense. It does not, in terms, and perhaps not by
implication, deprive the court of the power to impose
the higher penalty named in section 1; but until a pen-
alty has been imposed by the court in excess of that
prescribed by the code for the higher offense, within
which this lesser one is included, it is unnecessary for us
to pass upon the question of the validity of this section
1 as bearing upon this offense. It is sufficient now to
say that the order making the act of becoming a visitor
at a gambling-house a misdemeanor is not in conflict
with the code, and does not trench upon ground covered
by the general law, and that in this order there is noth-
·ing which requires the court, upon conviction, to impose
any penalty in excess of that authorized by general law
for like offenses.

2. It is claimed that orders Nos. 1587 and 1955 have
been repealed by the provisions of order No. 2191, sub-
sequently passed. The former orders are general, appli-
cable to all parts of the municipality; the latter one
special, applicable to only a small part of the munici-
pality. We are not at this time called upon to pass upon
the validity of the latter order. The petitioner is not
arrested or held under it. It does not, either expressly
or by implication, repeal either of the former orders.
These not being in conflict with general law, the author-
ities cited on behalf of petitioner are not in point. Writ
discharged, and prisoner remanded.

SHARPSTEIN, J., PATERSON, J., and McFARLAND, J.,
concurred.